### SAKELOS v. SAKELOS.

(Supreme Court, Appellate Term.   April 9, 1912.)

COURTS (§ 189*)—MUNICIPAL COURTS—CONTINUANCE.

 On the first day a case was called for trial, defendant was ready, but the case was not reached. On the subsequent adjourned day, owing to the serious illness of defendant's wife, who was a material witness, an adjournment was taken, and on the next trial day, she being still ill and about to be confined, defendant applied for a further adjournment, which was denied, whereupon defendant applied for a 90-day adjournment and offered a sufficient bond, as provided by Municipal Court Act (Laws 1902, c. 580) § 194. *Held,* that the illness of defendant's wife furnished a sufficient ground for such adjournment, and that the denial thereof, and the entry of a default judgment, was improper.

 [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412; Dec. Dig. § 189.*]

 Lehman, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Nicholas Sakelos against Costas Sakelos. From an order denying defendant's motion to open a default and set aside a judgment for plaintiff, he appeals. Judgment vacated, and motion granted.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Girard S. Wittson, for appellant.
Ellis L. Amdur, for respondent.

PER CURIAM. The defendant appeals from an order denying defendant's motion to open a default and to set aside a judgment entered against the defendant. The pleadings are verified. The answer denies the making of the lease set forth in the complaint, or that anything is due as rent from plaintiff to defendant, sets up an affirmative defense of constructive eviction by reason of the plaintiff having rendered the premises uninhabitable, and sets up a counterclaim for damages by reason of such constructive eviction.

On the first day set for trial, the defendant was ready with a large number of witnesses, but the case was not reached. On the subsequent adjourned day, owing to the serious illness of defendant's wife, a material and necessary witness, an adjournment was taken. On the next trial day, defendant's wife was still ill, being about to be confined with

child. Under these circumstances, a further application was made for an adjournment, but it was denied. The defendant made application for a 90-day adjournment, and offered a sufficient bond, under section 194 of the Municipal Court Act (Laws 1902, c. 580). The application was denied. Facts were presented to the court which furnished proper ground for an adjournment, and the default should not have been allowed under the circumstances. The motion to open the default should have been granted, without costs.

Order reversed, judgment vacated, and motion granted, without costs of motion or of appeal to either party.

LEHMAN, J. (dissenting). I think that the justice of the Municipal Court exercised a proper discretion in denying the motion to open the default. The record does not, in my opinion, show any good faith on the part of the defendant. A previous default had been already opened by the same justice. When the case was reached for trial on October 18th, an adjournment was properly granted to October 23d. Neither on October 18th nor October 23d did the defendant comply with section 194 of the Municipal Court Act by filing, or even apparently offering, a bond. The justice had no authority to grant an adjournment of over 8 days, and certainly was not called upon to grant another and useless adjournment for a shorter time. So far as the record shows, the first formal request for an adjournment of 90 days was made upon the motion to open the default.

The order should be affirmed, with costs.